# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| CAROLYN S. COBB, as GUARDIAN of the PERSON and PROPERTY of JAKE LEE COBB, | : : : : | |
| PLAINTIFF, | : : | |
| vs. | : : | 5:06-CV-066 (HL) |
| RODNEY PAUL DAWSON, JR.; JOHN DAWSON, JR. as EXECUTOR of the ESTATE of JOHN W. DAWSON, SR.; and JOHN W. DAWSON, JR., GARY ARNOLD DAWSON and RODNEY DAWSON, in their individual capacities d/b/a/ DAWSON BROTHERS FARMS, a general partnership, | : : : : : : : : : | |
| DEFENDANTS. | : | |

## O R D E R

### I. INTRODUCTION

Before the Court is Defendants' Motion for Modification of Scheduling Order (doc. 46). Due to the revelation that an Event Data Recorder module might contain certain pre-crash information, Defendants seek an extension to allow them time to hire an additional expert or to subpoena a representative from a car manufacturer in an effort to uncover further details about the car accident that is the basis of the above-captioned case.

### II. BACKGROUND

This case arose following a vehicle collision between a pickup truck driven by Jake Lee Cobb, and a tractor driven by Defendant Rodney Paul Dawson Jr. The collision took place on May 8, 2005, in Pulaski County, Georgia, on a state highway. On February 23, 2006, Plaintiff

Carolyn Cobb, Jake Lee's guardian, filed a complaint. The case progressed normally, and on May 17, 2006, the original Scheduling/Discovery Order (doc. 11) was issued. Notably, the Scheduling/Discovery Order presented to the Court that was prepared by both parties was silent on the issue of a deadline for the designation of expert witnesses.[1] Despite the omission, the parties proceeded as though the expert designation deadlines were created as suggested in the proposed Scheduling/Discovery Order attached to the Rules 16/26 Order (doc. 5) issued by the Court on April 20, 2006. This is apparent because Defendants later requested additional time to disclose their expert witnesses (doc. 18)–a request consented to by Plaintiff and granted by the Court that created a deadline of September 11, 2006. Defendants complied with the new Court-ordered deadline and disclosed several experts. On September 15, 2006, several days after the expert designation deadline had passed, the Court conducted a telephone conference in which an extension for the discovery completion and dispositive motion deadlines was sought and ultimately granted.[2] The discovery completion deadline was extended until December 1, 2006, and, on that day, Defendants filed the motion to modify currently before the Court.

### III. DISCUSSION

Rule 16 requires a district court to enter a scheduling order that dictates the time within which the parties must join additional parties, file motions, and complete discovery. Fed. R. Civ. P. 16(b). "A schedule shall not be modified except upon a showing of good cause and by leave of

---

[1] This silence was important because if no deadline is set by the Court, the Federal Rules of Civil Procedure direct the parties to disclose the identity of expert witnesses "at least 90 days before the trial date." Fed. R. Civ. P. 26(a)(2)(C).

[2] The above captioned case was transferred to Judge Clay D. Land from Judge Duross Fitzpatrick on September 7, 2006. Later, the case was again reassigned, this time to Judge Hugh Lawson on January 3, 2007.

the district judge . . . ." Id. "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" ***Sosa v. Airprint Sys.***, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note); *see also* ***Johnson v. Mammoth Recreations, Inc.***, 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end."). In finding a lack of diligence on behalf of the plaintiff, the Eleventh Circuit in *Sosa* highlighted three aspects of the plaintiff's prosecution of her claim and subsequent motion to amend: the failure to ascertain information before filing suit, the disregard of available information, and the approximate six-month delay in utilizing information made available through interrogatory responses. ***Sosa***, 133 F.3d at 1419.

Here, the contents of an Event Data Recorder ("EDR"),[3] recovered from the pickup truck wreckage in June of 2006, spawned Defendants' need to request an extension. According to Defendants, the EDR could potentially reveal information that could eliminate speculation surrounding the cause of the accident. Specifically, Defendants hope to discover "the speed of Jake Lee Cobb's truck at the time of the collision." (Def's. Reply Br., doc. 64, at 2.) Defendants seek an extension in order to hire an expert or subpoena a representative of the truck's manufacturer in an effort to determine whether the contents of the EDR in fact contain the desired information.

Plaintiff's primary contention in opposition is that Defendants have not been diligent in their pursuit of pre-trial discovery. Specifically, Plaintiff questions the nearly six-month delay between Defendants' expert's acquisition of the EDR and their attempts to secure a method for deciphering its contents: "[T]hey have had [the EDR] for almost six months and were in possession of it for at

---

[3] Like a black box on an airplane, EDRs can store information about a vehicle's speed and braking moments before impact in a collision. Defendants admit that they are not certain what information, if any, is contained on the EDR that their expert recovered in June of 2006.

3

least three months *before* the expert witness disclosure deadline, yet never deemed it to be of any importance until the last day of the discovery period." (Pl.'s Br., doc. 58, at 3.) Defendants' response is that the delay was occasioned by the inability to locate a source capable of unlocking the data stored on the EDR until the end of November.

Unlike the plaintiff in *Sosa* who had exhibited three separate instances that could be classified as a lack of diligence, here the same cannot be said about Defendants in their prosecution of the case. It is the Court's understanding that numerous discovery devices have been utilized in an effort to uncover the facts of this case. While the plaintiff in *Sosa* was in possession of information at various times throughout the litigation and simply chose not to act on it, here Defendants have only recently been apprised of the possibility that the EDR can be analyzed and possible pre-crash information revealed.

Despite the allegations of a lack of diligence, the Court finds that Rule 16 has been satisfied, and a modification of the Scheduling/Discovery Order is appropriate. While the Defendants have requested an unspecified amount of time to locate a new expert, this Court is confident that a thirty-day extension to the expert witness disclosure deadline should suffice. Admittedly, the Court is somewhat troubled by the six-month lapse in finding a source capable of analyzing the EDR, and although the identity of the Texas expert was not secured until a week before the deadline, no explanation was given for why a representative of the truck manufacturer was not sought out earlier. However, while Plaintiff makes a case for Defendants' lack of diligence in prosecuting their case, this Court is not convinced that Defendants inaction was a result of counsel's indifference toward the litigation of this case. It is the opinion of this Court that Defendants prosecuted their case efficiently, and in the interest of discovering the truth, they should not be foreclosed from attempting

4

to unearth information which could possibly eliminate the need to speculate as to what caused the accident from which this case arose.

## IV. CONCLUSION

Accordingly, Defendants' Motion for Modification of Scheduling Order (doc. 46) is hereby **GRANTED**. The Expert Witness Disclosure Deadline shall be extended to February 21, 2007. Discovery shall be complete by March 23, 2007. Dispositive motions must be filed by April 6, 2007. In light of previous extensions to all of the aforementioned deadlines, all discovery conducted forthwith shall be limited to determining the contents of the EDR. The parties are instructed to comply with the newly created deadlines as the Court will contemplate no further extensions or modifications to the Scheduling/Discovery Order.

SO ORDERED, this 22nd day of January, 2007.

/s/ *Hugh Lawson*
HUGH LAWSON, JUDGE

HL/cbb