IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CAROLYN S. COBB, as GUARDIAN of the PERSON and PROPERTY of JAKE LEE COBB, | : : : : | |
| Plaintiff, | : : | |
| v. | : | 5:06-cv-066 (HL) |
| | : | |
| RODNEY PAUL DAWSON, JR.; JOHN DAWSON, JR. as EXECUTOR of the ESTATE of JOHN W. DAWSON, SR.; and JOHN W. DAWSON, JR., GARY ARNOLD DAWSON and RODNEY DAWSON, in their individual capacities d/b/a/ DAWSON BROTHERS FARMS, a general partnership. | : : : : : : : : : | |
| Defendants. | : | |

**O R D E R**

Before the Court is Defendants' Consolidated Response to Plaintiff's Motion for Entry of Default and Motion to Set Aside Clerk's Entry of Default (doc. 45). Because of Defendants' failure to submit an amended answer to Plaintiff's Amended Complaint (doc. 20), Plaintiff moved for an Entry of Default Judgment (doc. 44) and, Plaintiff having demonstrated Defendants' failure to defend, the clerk's office granted an entry of default. Defendants responded to Plaintiff's Motion for Entry of Default Judgment and, in conjunction with their response, moved to set aside the entry of default. Because Defendants sought to set aside the entry of default before judgment was entered, the Court will dispose of their motion to set aside the entry of default before deciding whether entering a default judgment is appropriate.

**I.     BACKGROUND**

Five months after originally filing suit, Plaintiff sought to amend her complaint, and on July

21, 2006, filed a motion seeking same. On July 28, 2006, Defendants responded to Plaintiff's motion to amend, expressing no desire to challenge the amendment but summarily denying the new allegations: "Defendants have no objection to Plaintiff's Motion to Amend the Complaint with regard to the filing of the Amended Complaint. However, Defendants deny any and all allegations alleged in Plaintiff's Amended Complaint which is attached as Exhibit 'A' to Plaintiff's Brief in Support of Motion to Amend the Complaint." (Defs'. Resp., doc. 15, at 1.) Judge Duross Fitzpatrick[1] granted Plaintiff's motion to amend on August 18, 2006 (text only order between docs. 19 and 20), and on August 22, 2006, Plaintiff submitted the Amended Complaint (doc. 20). Defendants, however, neglected to file an answer to the amended complaint, choosing instead to rely on the denial provided in their response. On November 30, 2006, Plaintiff moved for an Entry of Default Judgment,[2] and that same day the clerk's office entered the Defendant's default. The following day, Defendants responded to Plaintiff's motion and filed their own Motion to Set Aside the Entry of Default. Since the merits of Defendants' motion to set aside the entry of default will ultimately determine whether a default judgment is appropriate, the Court will dispose of Defendants' motion first.

## II. DISCUSSION

When addressing the issue of default, this Court looks first to Rule 55 of the Federal Rules of Civil Procedure. Although not mentioned specifically by Plaintiff in her motion, her attempt to

---

[1] This case was reassigned to Judge Clay D. Land and subsequently reassigned to Judge Hugh Lawson.

[2] Entry of default and default judgment are distinct forms of relief available to combat an absentee litigant, and they each require different showings. It appears that Plaintiff attempted to secure both an entry of default and a default judgment through the same vehicle, namely her November 30 Motion for Entry of Default Judgment.

2

ultimately secure a default judgment–by securing an entry of default first–is governed by Rule 55(a): "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). The clerk's office did enter the entry of default on to the docket. While a question remains as to whether Plaintiff's motion actually suffices for entry of default and default judgment, this uncertainty does not change the fact that the Court shall address the merits of Defendants' motion to set aside before considering the appropriateness of the entry of a default judgment.

It is axiomatic that an entry of default and a default judgment are separate and distinct. In this case, all that has been entered is the clerk's entry of default. Defendants move to set aside this entry, and rely on two theories as support: First, Defendants argue that an entry of default is inappropriate because they filed what should be characterized as a sufficient and timely responsive pleading, and, in the alternative, Defendants also argue that the Federal Rules provide relief for parties facing an entry of default, and that because of circumstances present, the clerk's entry should be set aside.

### A. Did Defendants file a sufficient and timely responsive pleading?

Defendants first argument in opposition of the entry of default is that they actually filed a sufficient response to the amended complaint, and that they did so in a timely fashion. While Defendants' claim of sufficiency relies on a misguided journey through the general rules of pleading contained in Rule 8, the threshold question for this issue is whether or not the response was provided in a timely fashion. Therefore, the Court will first address the timeliness of the response–an issue governed by Rule 15. Rule 15 states in pertinent part that "[a] party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days

3

after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." Fed. R. Civ. P. 15(a). Essentially, Defendants argument that they are not in default is first determined by whether or not the response they made fell within the ten-day window mandated by the Federal Rules. Only then will this Court address whether a one sentence general denial in the body of a response brief can act as a responsive pleading to an amended complaint.

The issue of when the ten-day window opens following an amended complaint has been addressed by this Court before. In <u>Williams v. Clinch County</u>, 231 F.R.D. 700 (M.D. Ga. 2005), the undersigned granted plaintiffs' motion to amend their complaint, and in so doing, determined when the ten-day clock began to run for Defendants to file a timely answer to the amended pleading. Interestingly, Defendants, in their reply brief, cite the relevant part of this opinion, which states:

> Here, attached to Plaintiffs' motion to amend their complaint is a certificate of service stating that Amy Madigan, attorney for Plaintiffs, electronically served the motion to amend complaint upon counsel for Defendants. Also attached to the motion was the proposed amended complaint. Counsel for Defendants appears to be registered in the CM/ECF system. Thus, it seems that Plaintiffs have properly served Defendants with the proposed amended complaint. But, the proposed amended complaint had yet to be accepted by the Court when it was served; <u>thus, the trigger starting Rule 15(a)'s 10-day period is [the] date on which the Court accepts the amended complaint as the operative complaint.</u> The trigger date in this case is May 19, 2005, the date this Order was entered on the docket.

Id. at 702 (emphasis added). Defendants misinterpret the crux of the <u>Williams</u> case; they argue that the case is inapposite because it does not hold that the <u>Williams</u> defendants were in default, and further that the case stands for the proposition that a second filing of an amended complaint after a motion with an amended complaint attached has been granted is unnecessary.

The Court disagrees with Defendants assessment of the holding of the <u>Williams</u> case. While not bound by its earlier decisions, this Court stands by its earlier holding in <u>Williams</u> and finds that Plaintiff's amended complaint did not become operative until Plaintiff's motion to amend was granted

4

on August 18, 2006. Therefore, the ten-day deadline within which Defendants had to respond to the amended complaint did not begin to run until then. Because Defendants only response to the amended complaint came in their response to the motion to amend on July 28, 2006–before the Amended Complaint was operative–said response, whether sufficient or not, was untimely. No other responsive pleading having been filed, the clerk's entry of default was proper. The question remains, however, whether the entry of default should be set aside.

### B. Should the entry of default be set aside?

Defendants' alternative argument is that the Federal Rules provide for situations where an entry of default can be set aside and that this is one of those situations. Specifically, Defendants rely on a provision of Rule 55 which states: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Here, no judgment has been entered by the Court, so the first clause of Rule 55(c) controls, rather than the latter (referencing Rule 60(b)[3]). This distinction is important because the standard for setting aside an entry of default–good cause–and the standard for setting a default judgment–excusable neglect (among others)–vary with respect to the showing that

---

[3] Rule 60(b) states in relevant part:
>On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

must be made.

The United States Court of Appeals for the Eleventh Circuit has addressed the importance of this distinction, and has held:

> The importance of distinguishing between an entry of default and a default judgment lies in the standard to be applied in determining whether or not to set aside the default. The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default.

EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 527-28 (11th Cir. 1990). Despite this clear separation of the two standards, Plaintiff mistakenly relies on two unpublished district court opinions and conflates the standards into one test. Plaintiff does this in order to hold to Defendants to the higher "excusable neglect" standard typically reserved for setting aside default judgments.

The Eleventh Circuit has held that "'[g]ood cause' is a mutable standard, varying from situation to situation." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citing Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)). District courts generally consider the following factors when determining whether the defaulting party has shown good cause: "(1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the non-defaulting party; and (3) whether the party in default has a meritorious defense." See, e.g., Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1480 (N.D. Ga. 1997). Other courts have considered whether relief from an entry of default was requested within a reasonable time. See, e.g., Atlanta Gas Light Co. v. Semaphore Advertising, Inc., 747 F. Supp. 715, 718-19 (S.D. Ga. 1990).

"Action on a motion to set aside a default is within the discretion of the district court." Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984). The circumstances presented here

6

warrant the setting aside of the entry of default. As Rule 55(c) relief is flexible rather than an immutable rule, the Court finds that the circumstances surrounding Defendants' failure to timely respond to the amended complaint were not so blatant as to warrant such a drastic measure as default judgment.[4] While the sufficiency of Defendants' putative response was called into question, they nevertheless did make an attempt to deny the new allegations. This attempt, sufficiency notwithstanding, belies willful default and demonstrates an intention, albeit faint, to defend the case.

Further, the Court finds no prejudice to Plaintiff if the entry of default is set aside when so much time has elapsed while discovery has been conducted. If anything, the disadvantage to Plaintiff is that she will have to prevail on the merits. With respect to the merits of a defense to the allegations, Defendants aver that there exists a meritorious defense to Plaintiff's allegation that Rodney Paul Dawson Jr., operator of the tractor involved in the collision, was a partner, employee, or agent of Dawson Brothers Farms and the Estate of John W. Dawson Sr. Defendants have from the outset claimed that Rodney Paul Dawson Jr. was on a purely personal mission and that he has no agency nor partner relationship whatsoever with Dawson Brothers Farms or the Estate. Defendants' presentation of facts that contravene Plaintiff's allegations support the setting aside of the entry of default.

After weighing the various factors, the Court finds that Defendants have made the good cause showing required to set aside an entry of default. Having satisfied the requirements of Rule 55(c), the Court concludes that Defendants' Consolidated Response to Plaintiff's Motion for Entry of

---

[4] "Underlying consideration of the appropriateness of setting aside a default is the fact that defaults are not favored in federal court and trials on the merits are the preferred method for resolving disputes." Ritts, 989 F. Supp. at 1480; see also Florida Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) ("[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits."); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) ("Entry of judgment by default is a drastic remedy which should be used only in extreme situations . . . .").

Default and Motion to Set Aside Clerk's Entry of Default is, and is hereby GRANTED.

### III. CONCLUSION

First, until the amended complaint has become operative, a response to its new allegations is untimely, regardless of whether the response can be deemed sufficient. Since Defendants' only response to the new allegations came in their response to Plaintiff's motion to amend–before the attached amended complaint became operative–their denials to the new allegations cannot be said to have been timely filed. Because ten days elapsed from the day the motion to amend was granted and Defendants had not filed a responsive pleading, the clerk's entry of default was proper.

Second, although the clerk's entry of default was proper, Rule 55(c) provides relief for a defendant who can show good cause for why the entry should be set aside. Defendants' default was not willful, Plaintiff will not be prejudiced, and Defendants provided a meritorious defense to Plaintiffs' new allegations in the Amended Complaint. Accordingly, Defendants have satisfied the requirements for Rule 55(c) and their motion to set aside entry of default shall be GRANTED. This disposition renders Plaintiff's Motion for Entry of Default Judgment MOOT.

SO ORDERED, this 15th day of October, 2007.

                                                **/s/ *Hugh Lawson***
                                                HUGH LAWSON, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT

HL/cbb